UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PATRICK MOORE, II,

        Plaintiff,

  vs.

HEIDI WASHINGTON, S. CAMPBELL,
DAVID LEACH and JOSEPH SERAFIN,

        Defendants.
_____/

Case No. 19-CV-13616

HON. GEORGE CARAM STEEH

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 15] AND DENYING
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION [ECF No. 13]

Plaintiff John Patrick Moore, II, filed this *pro se* civil rights action on December 9, 2019 against defendants Heidi Washington, S. Campbell, David Leach, and Joseph Serafin.[1] Moore alleges a violation of his First Amendment rights under the Free Exercise Clause, the Religious Land and Institutionalized Persons Act (RLUIPA), and the Equal Protection Clause of the Fourteenth Amendment, arising from his limited ability to wear a kufi, his religious headwear, in the prison. Moore filed a motion for preliminary injunctive relief on March 19, 2020 (ECF No. 13).

---

1 As of September 30, 2020, plaintiff is represented by counsel (ECF No. 20)

Prior to Moore filing his motion for preliminary injunction, this case was referred to the Pro Se Prisoner Early Mediation Program, at which time the case was stayed by the Court (ECF No. 11). Counsel for defendants filed a limited appearance for purposes of participating in mediation (ECF No. 12). However, the mediation program was suspended on June 8, 2020. Moore's pending motion was then addressed by Magistrate Judge Patricia Morris, who issued a Report recommending that the motion be denied (ECF No. 15). Moore filed timely objections to the Report and Recommendation ("R&R") (ECF No. 17).

When ruling on objections to an R&R, the court conducts a de novo review of the portions of the R&R to which a party has filed specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). On the other hand, general objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). In this case, Moore states five objections to the R&R.

Moore's first objection is that the R&R fails to recognize that a partial ban of religious headwear constitutes a complete ban when one's sincerely

held belief is that headwear must be worn at all times.   However, the R&R implicitly recognizes this argument when it discusses *Davis v. Clinton*, 74 F. App'x 452, 455 (6th Cir. 2003), where the Sixth Circuit held that the denial of wearing religious garb every day was validly related to penological interests.

Moore's second objection is that defendants did not assert a penological interest in support of the prison's policy.   This is due to the fact that at the time plaintiff filed his motion, the case was stayed because it had been referred to mediation.   As such, plaintiff's complaint had not been served, defendants filed a limited appearance for purposes of mediation, and defendants did not respond to plaintiff's motion.   Nevertheless, the Report relies on persuasive court rulings that undermine Moore's likelihood of success on the merits.

Third, Moore argues that for purposes of his RLUIPA argument, the Magistrate Judge improperly described his claim as a mere inconvenience on religious exercise.   In his objection, Moore reiterates that his religious practice is substantially burdened because the prison policy forces him to choose between following his religious belief or facing disciplinary action. The Magistrate Judge concluded that at this stage of the litigation, the limitations put in place by the policy are not the type that constitute a

substantial burden on plaintiff's exercise of his religion.  Rather, for purposes of analyzing the likelihood of success on the merits, the balance struck by the policy's limitations to serve a penological interest is an issue to which the Court will generally defer to the expertise and experience of prison administrators.  *Tolliver v. Noble*, 2:16-cv-1020, 2019 WL 2559512, at *9 (S.D. Ohio June 21, 2019) (citing *Moore v. Cruse*, 2:12-CV-609, 2013 WL 6578935, at *6 (S.D. Ohio Dec. 16, 2013).

Moore's fourth objection focuses on the R&R's analysis of *Tolliver*. Moore distinguishes the facts of *Tolliver*, where the inmate was permitted to wear a kufi at all times but objected to the policy that he could not wear a colorful kufi.  This factual distinction, while correct, does not change the analysis.  The Magistrate Judge referred to the proper legal analysis, which requires that a restriction on religious activity must bear a reasonable relationship to a legitimate penological interest.

Moore's fifth and final objection repeats that a partial ban of the kufi is essentially a complete ban.  This objection was previously addressed.

Now, therefore,

IT IS HEREBY ORDERED that plaintiff's objections are OVERRULED.

IT IS HEREBY FURTHER ORDERED that the Report and

Recommendation [ECF No. 15] is accepted by the Court.

IT IS HEREBY FURTHER ORDERED that plaintiff's motion for preliminary injunction [ECF No. 13] is DENIED.

Dated:   November 5, 2020

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 5, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk