UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PATRICK MOORE II,

       Plaintiffs,　　　　　　　　Civil Action No.: 19-13616
　　　　　　　　　　　　　　　　　　Honorable George Caram Steeh
v.　　　　　　　　　　　　　　　　　Magistrate Judge Elizabeth A. Stafford

HEIDI WASHINGTON, *et al*.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO MODIFY ORDER DENYING
<u>PRELIMINARY INJUNCTION [ECF NO. 34]</u>**

## I.　　Introduction

Plaintiff John Patrick Moore II, a Muslim who is imprisoned with the Michigan Department of Corrections, sues Heidi Washington, Sherman Campbell, David Leach, Joseph Serafin, Steven Adamson, and Acting Warden Dave Shaver, alleging that they are violating his religious rights by limiting the times that he can wear a Kufi. ECF No. 41. In March 2020, Moore moved for a preliminary injunction, but the Honorable George Caram Steeh adopted a report and recommendation to deny the motion.[1]

---

[1] The Honorable George Caram Steeh referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b). ECF No. 31.

ECF No. 13; ECF No. 15; ECF No. 32. Moore then moved under Federal Rule of Civil Procedure 54(b) to modify the order denying the motion for preliminary injunction. ECF No. 34. The Rule 54(b) motion should be denied.

## II.   Analysis

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "[C]ourts will find justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018) (citations and quotation marks omitted). Motions for reconsideration under Rule 54(b) are not proper when they simply rehash old arguments or advance new arguments that should have been made earlier. *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003).

Moore does not argue that there have been intervening changes in controlling law nor rely on new evidence. Instead, Moore claims that the Court committed clear error by improperly applying the First Amendment

2

substantial burden standard when the stricter standard under Religious Land Use and Institutionalized Persons Act (RLUIPA) should have been applied.  ECF No. 34, PageID.184-191.  Moore contends, "Applying RLUIPA's stricter standard of scrutiny, this Court may not defer to prison officials unless and until those officials proffer evidence of their compelling interest."  *Id.*, PageID.186.  But Moore does not show that Judge Steeh applied the wrong standard, for two reasons.

First, in the report and recommendation that Judge Steeh adopted, Magistrate Judge Patricia Morris recited both the standard that applies under the First Amendment and the separate standard for RLUIPA claims.  ECF No. 15, PageID.90-93.  Judge Morris noted that, for his RLUIPA claim, Moore bore the initial burden of showing that the prison's policy substantially burdened his exercise of religion.  *Id.*, PageID.93 (citing *Holt v. Hobbs*, 574 U.S. 352, 361 (2015)).  In finding that Moore failed to show that he was likely to succeed on his RLUIPA claim, Judge Morris reasoned that Moore had "failed to demonstrate that the prison's policy has substantially burdened his exercise of religion under the RLUIPA."  ECF No. 15, PageID.96.  Moore's exercise of his religion was not substantially burdened because he could "wear his kufi in his cell, on to way to and back from religious services, and during religious services—while Plaintiff wishes

3

to wear his kufi at all times, the present limitation imposed by the prison does not restrict his ability to wear his kufi entirely." *Id*., PageID.96-97.

Because Judge Morris concluded that Moore did not overcome his initial RLUIPA burden of showing that the prison's policy substantially burdened his exercise of religion, the burden did not shift to defendants to show that the prison policy furthered a compelling governmental interest. *See Holt*, 574 U.S. at 362. Thus, there is no merit to Moore's argument that, under the RLUIPA standard, defendants should have been required to proffer evidence of their compelling interest.

The second reason that Moore fails to show clear error is because his motion fails to appreciate the stage of the proceedings at issue. In her report and recommendation, Judge Morris noted that a preliminary injunction is extraordinary relief, and that a plaintiff "must make a far more stringent showing of proof than that required to survive summary judgment." ECF No. 15, PageID.95 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)); *see also Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d 532, 539 (6th Cir. 2020) (describing a preliminary injunction as an extraordinary and drastic remedy that requires greater proof than that required to survive summary judgment). Judge Morris emphasized the utmost care with which a court must proceed when

4

enjoining prison officials, and that courts had found many valid penological reasons for limiting religious headwear in prison.  ECF No. 15, PageID.95-96.  When addressing Moore's objections to the report and recommendation, Judge Steeh found merit in Judge Morris's reasoning given the preliminary stage of the proceedings:

> In his objection, Moore reiterates that his religious practice is substantially burdened because the prison policy forces him to choose between following his religious belief or facing disciplinary action.  The Magistrate Judge concluded that at this stage of the litigation, the limitations put in place by the policy are not the type that constitute a substantial burden on plaintiff's exercise of his religion.  Rather, for purposes of analyzing the likelihood of success on the merits, the balance struck by the policy's limitations to serve a penological interest is an issue to which the Court will generally defer to the expertise and experience of prison administrators.

ECF No. 32, PageID.171-172 (citing *Tolliver v. Noble*, 2:16-cv-1020, 2019 WL 2559512, at *9 (S.D. Ohio June 21, 2019) and *Moore v. Cruse*, 2:12-CV-609, 2013 WL 6578935, at *6 (S.D. Ohio Dec. 16, 2013)).

Moore relies on opinions assessing RLUIPA claims at the summary judgment and trial stages to argue that Judge Steeh's earlier order relied on the wrong standard.  ECF No. 34, PageID.186, 188, 191-192 (citing *Haight v. Thompson*, 763 F.3d 554, 558 (6th Cir. 2014); *Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 459 (6th Cir. 2019); *Fox v. Washington*, 949

5

F.3d 270, 273 (6th Cir. 2020); *Yellowbear v. Lampert*, 741 F.3d 48, 54 (10th Cir. 2014).  While those opinions may impact a later decision on the merits, they do not support Moore's appeal for the extraordinary and drastic remedy of a preliminary injunction.

### III.  Conclusion

The Court **RECOMMENDS** that Moore's motion to reconsider under Rule 54(b), **ECF NO. 34**, be **DENIED**.

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge

Dated: June 28, 2021

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 28, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
