UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PATRICK MOORE, II,

               Plaintiff,

                                 Case No. 19-CV-13616

    vs.

                                 HON. GEORGE CARAM STEEH

HEIDI WASHINGTON, et al.,

               Defendants.

_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF No. 76)

Plaintiff John Patrick Moore, II is in the custody of the Michigan Department of Corrections ("MDOC"). Moore filed this civil rights action on December 9, 2019 against Heidi Washington, Sherman Campbell, David Leach[1], Joseph Serafin, Steven Adamson, and Acting Warden Dave Shaver. Moore is a devout, practicing Sunni Muslim who alleges violations of his religious rights due to MDOC policies that limit his ability to wear a kufi in the prison.[2] At this point in the litigation, the only remaining issues are Moore's individual-capacity claims under the First and Fourteenth Amendments. Defendants moved for summary judgment on the grounds

---

[1]  David Leach was terminated by stipulated order on January 15, 2021. ECF No. 50.
[2]  The MDOC changed their policy in February 2021 and now permits male Muslims to always wear a kufi. ECF No. 58-3, PageID.560.

that Moore failed to exhaust his administrative remedies against defendants Washington, Adamson, Campbell and Shaver, and that defendants enjoy qualified immunity (ECF No. 70). The magistrate judge issued a report and recommendation ("R&R") recommending that defendants' motion for summary judgment be denied (ECF No. 76).[3] The matter is before the Court on defendants' objections to the R&R (ECF No. 77).

When ruling on objections to an R&R, the court conducts a *de novo* review of the portions of the R&R to which a party has filed specific objections.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). On the other hand, general objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object."   *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). In this case, defendants raise three objections to the R&R.

1. Exhaustion

Defendants seek dismissal of Moore's claims without prejudice based

---

[3] The magistrate judge also recommended that the Court dismiss Moore's claim for class certification as moot. No objections have been filed to that recommendation.

on his failure to exhaust his administrative remedies. Defendants concede that Moore exhausted his administrative remedies against Serafin, but not against the rest of them because he did not name them in either Grievance ARF 19-10-2405-27B or SMT 20-20-101235-28A. The magistrate judge concludes that defendants failed to show Moore had an available administrative remedy, and therefore their exhaustion argument lacks merit.

Defendants argue that in both grievances, Moore specifically said he was grieving the policy as it was applied to him. Therefore, Moore did have an avenue to pursue his grievance, yet he failed to name Washington, Adamson, Campbell, and Shaver. However, at Step 1, MDOC rejected Moore's grievances because "[a] grievant may not grieve the content of policy or procedure" and Moore was further instructed that he could direct his concerns regarding the policy to the Warden's Forum. ECF No. 70-6, PageID.732; ECF No. 70-9, PageID.746 (rejected as duplicative). Although Moore did as he was instructed by the grievance counselor and presented his complaint to the Warden's Forum, that "is not an appropriate place to argue that a specific prisoner's constitutional rights were violated." *Lopp v. Washington*, No. 1:19-CV-540, 2021 WL 3033266, at *1 (W.D. Mich. July 19, 2021).

The Sixth Circuit has found that an inmate can satisfy the exhaustion requirement by following the instructions of his grievance coordinator on how to resolve the issue. *Berryman v. Haas*, No. 19-1484, 2020 WL 6325553, at *1 (6th Cir. May 11, 2020) (citing *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017)). The Court overrules defendant's objection, finding that Moore properly exhausted his administrative remedies where defendants made the process unavailable to him.

2. Qualified Immunity – First Amendment Free Exercise Right

The magistrate judge found that existing legal precedent would have given officials ample warning that prohibiting Muslim prisoners from wearing their kufi at all times would violate their constitutional rights. In reaching this conclusion, the court looked to Sixth Circuit caselaw which holds that the Free Exercise Clause of the First Amendment prohibits prison regulations that infringe on prisoners' sincerely held beliefs "without any valid penological justification." *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019).

To be permissible under the First Amendment, MDOC's regulation must have had a "valid, rational connection" to a "legitimate governmental interest," and "the governmental objective must be a legitimate and neutral one." *Turner v. Safley*, 482 U.S. 78, 89 (1987) (citation and quotation marks

omitted). Defendants relied on Adrian Dirschell, the current special activities coordinator of MDOC, who testified that he did not believe that Islamic law required followers to always wear a kufi, that kufis and yarmulkes were "very similar," that "a lot of times you can't tell the difference," and that there was no distinguishable security concern between the two headgear. ECF No. 73-32, PageID.943. The Sixth Circuit holds that it is the sincere religious belief of the individual that determines what is required by that religion, and not what MDOC thinks is required by that religion. *See Maye*, 915 F.3d at 1083 ("In any free exercise claim, the first question is whether 'the belief or practice asserted is religious in the [plaintiff's] own scheme of things' and is 'sincerely held.'" (alteration in original) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)).

As for defendants' legitimate penological interest in support of the policy, MDOC Deputy Director of Correctional Facilities Administration, Jeremy Bush, testified that any time a prisoner adds a layer of clothing it presents an opportunity for the prisoner to conceal contraband. The magistrate discounted this evidence because Bush acknowledged he did not know much about kufis and knew nothing about MDOC's reasoning for limiting when they could be worn. On the other hand, defendant Campbell, the ARF warden, denied that discussions about the limitation on wearing

kufis were about hiding contraband. There was further testimony from MDOC officials that kufis and yarmulkes are "very similar" and that there was no distinguishable security concern between the two headgear. (ECF No. 76, PageID.1055-56). Defendants have not shown a legitimate penological interest in overcoming Moore's sincerely held religious belief.

Next, defendants argue that the law was not clearly established prior to February 22, 2021 that prisoners had a right to always wear a kufi. The relevant analysis is whether defendants can proffer a legitimate penological interest for restricting Moore's right to always wea a kufi. *Catlett v. Washington*, 20-13283, 2021 WL 3680196, at *5 (E.D. Mich. Aug. 19, 2021); see also *Pleasant-Bey v. Shelby Cty. Gov't*, 2019 WL 5654993 *4 (W.D. Tenn. Oct. 31, 2019). As discussed above, defendant's penological reason proffered for treating Muslims' and Jews' headgear differently is not sufficiently supported for the Court to conclude that defendants did not violate Moore's constitutional rights.

Defendants' objection to this section of the R&R is overruled.

3. Qualified Immunity – Fourteenth Amendment Equal Protection

Once again, defendants rely on their understanding of Muslim law and on their alleged rational penological reason to support a good faith basis for treating Muslims' and Jews' headgear differently. However, courts

"treat as presumptively invidious those classifications that disadvantage a 'suspect class,' or that impinge upon the exercise of a 'fundamental right.'" *Maye*, 915 F.3d at 1085 (citation and quotation marks omitted). The policy at issue made a facially discriminatory distinction between Jewish men, who could wear their religious head coverings at all time, and Muslim men, who could wear a kufi only in their cells or around religious activities.

Defendants' objection is overruled.

Now, therefore,

IT IS HEREBY ORDERED that defendants' objections are OVERRULED.

IT IS HEREBY FURTHER ORDERED that the Report and Recommendation (ECF No. 76) is ACCEPTED by the Court.

IT IS HEREBY FURTHER ORDERED that defendants' motion for summary judgment (ECF No. 70) is DENIED.

Dated:   February 23, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE